OWEN, Judge.
Appellant suffered an adverse summary judgment in her action for declaratory relief. We conclude that such disposition of the case was improper and reverse for further proceedings.
In December, 1970, appellant filed an original complaint which was dismissed for failure to state a cause of action, with leave granted plaintiff to amend. The amended complaint met the same fate. The second amended complaint was met by defendant’s motion to strike portions thereof, which motion was granted with leave to plaintiff to further amend. The third amended complaint was met by defendant’s motion to strike portions thereof, as well as a motion for summary judgment on the grounds that “. . . the plaintiff has now filed her third amended complaint, which said fourth try again failed to meet the basics of pleading, and therefor (sic) it is apparent that the plaintiffs (sic) purpose for bringing this suit (sic) to harrass and embarrass the defendant, and that she is deliberately ignoring the orders of this court, the established rules of pleading or the rules established for the orderly progress of justice.” Thereafter, upon hearing, the court entered a summary final judgment in favor of the defendant reciting therein that the court found the motion to be well-grounded and that as a matter of justice summary judgment in favor of defendant should be entered.
At the time the court entered the summary judgment aforesaid, defendant-appel-lee had not filed an answer to any of the several complaints, nor were any of the factual allegations thereof negated by affidavit, deposition, admission or other means. At this stage of pleading, and absent any basis upon which to determine that there were no genuine issues of material facts, the defendant’s motion for summary judgment would necessarily admit (for the purpose of considering the motion) the truth of the plaintiff’s allegations. Thus, the court was simply faced with the legal sufficiency of the allegations to state a basis for relief. Traditionally, this issue is more properly raised by a motion under Rule 1.140(b) RCP, 30 F.S.A., asserting as a defense plaintiff’s failure to state a cause of action. From our examination of the record we think it quite evident that the court, in utilizing summary judgment as a means of disposition of the case, simply determined that the plaintiff-appellant had failed to state a cause of action in any of her several efforts, and could not do so if afforded a further opportunity.
Construing the summary judgment as essentially a dismissal for failure to state a cause of action, we find no error in this respect. The original complaint and all three amended complaints were each so prolix and burdened with conclusions of law and legal arguments, augmented by statutory and case citations, that plaintiff’s counsel seems to have lost sight of the necessity of alleging the ultimate facts which will support a cause of action and show that the pleader is entitled to relief. Yet, *683 if we sweep away the extraneous matter, we think it clear that the relief which plaintiff is seeking is to establish the validity of her own title to certain real property by adverse possession, and at the same time to remove a cloud thereon created by defendant’s claim or pretense to some right, title or interest therein. We are not satisfied at this point that once plaintiff’s counsel has been pointed in that direction and afforded a further opportunity to do so, he could not allege sufficient ultimate facts to get by a motion to dismiss. We feel that justice of the case requires that appellant be afforded that further opportunity.
The summary final judgment is reversed and this cause remanded for the entry of an interlocutory order in lieu thereof dismissing plaintiff’s third amended complaint for failure to state a cause of action and granting plaintiff leave to amend.
Reversed and remanded.
REED, C. J., and MAGER, J., concur.